UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 10-20628-CR-GRAHAM

UNITED STATES OF AMERICA,
          Plaintiff,
     v.

DAVIUS Mc COWN,
          Defendant.
_____ /

### DEFENDANT'S MOTION FOR TRUE IDENTITY OF
### COOPERATING FACT WITNESS
### AND MOTION TO COMPELL PRODUCTION AT TRIAL
### WITH MEMORANDUM OF LAW

Defendant, DAVIUS Mc COWN, by and through counsel, moves this

Court for an order requiring the government to disclose the true identity and

produce for trial an essential fact witness. In support of this motion the

defendants state as follows:

Trial is set for Monday, October 18, 2010. On October 12, 2010, the

government filed their trial brief, Dkt. # 29, where for the first time they state

their intention to present the entire criminal scheme as it is "Inextricably

Intertwined". Also, today, counsel for Mc Cown learned that the co-defendant

will testify. This fact witness is essential to Mc Cown's defense. This witness

negotiated with Mormon, met with Mormon, called Mormon and was known to

1

Mormon. This demand is based on the fact that this witness is critically important to the Defendant and essential regarding all of the charges contained in this indictment.

## BACKGROUND

The government provided the background of this case in its trial brief.

The second full paragraph, page 6, of the government's brief highlights the significance of this fact witness.

**"The evidence of the UC's meeting with Mc Cown and the circumstances leading up to Mc Cown's arrest is clearly inextricably intertwined with the charged offense".**

The importance of disclosure and production of this witness for trial in the instant case is clear:

     a.    the fact witness was present for all undercover meetings, involved in all conversations and transactions in this case;

     b.    the fact witness offered to buy weapons from Mormon, not Mc Cown.

In sum, this witness is an integral component of the government's prosecution, was an active participant and a transactional witness to the events of this case.  He is an eyewitness who possesses information that bears directly on Mc Cown's defense of mere presence.

2

It is impossible for the defendant to identify and serve this witness with a trial subpoena.

As such, a subpoena will be served on the prosecuting AUSA for the production of this witness, *U.S. V. Bower*, 575 F2D 499, 505 (11TH Cir, 1978).

See, attached subpoena, *Exhibit "A"*.

It is respectfully requested that the Court order the government to produce this witness at trial.

### MEMORANDUM OF LAW

In *Roviaro v. United States*, 353 U.S. 53 (1957), the United States Supreme Court held where the contents of an informant's communications are relevant and helpful to the defense of the accused, or are essential to a fair determination of the cause, the true identity of the informant must be available for interview.  If the government withholds this information, the trial court may dismiss the case.  *See, e.g., United States v. Opager*, 589 F.2d 799 (5th Cir. 1979).  The Defendant's right to the production of this witness is clear.  Public policy favoring protection of the identity forbids only non-essential disclosure. *United States v. Ayala*, 643 F. 2d 244 (5th Cir. 1981); *United States v. Toombs*, 479 F.2d 88 (5th Cir. 1974).

In the present case, disclosure of and production must be compelled because such production is essential to the defendant's defense.   To date, the government has failed to provide any information concerning this witness.

3

The Defendant requires the assistance of the Court in order to protect his basic right to due process because only the government know his identity and can produce him for trial. This right is fundamental to our system of justice.

Here the defendant has clearly established that the witness' probable testimony will bear a direct relationship to the defense of **mere presence.**

Our courts have consistently underscored the defendant's right to and equal access to witnesses or individuals having knowledge of the case. *United States v. Opager*, 589 F.2d at 805; *United States v. Brown*, 555 F.2d 407, 425 (5th Cir. 1977).

## BALANCING TEST

The first step in deciding whether disclosure of a confidential informant is required is determining whether the government has a valid reason for any disclosure, *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985).

The seminal case on the government's privilege not to disclose the identity of a confidential informant is *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, (1957). In *Roviaro*, the Court set forth a balancing test for determining when disclosure is required. This test evaluates "the particular

4

circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* 353 U.S. 53, at 62, 77 S.Ct. at 629.  Subsequent case law has focused inquiry on three factors: (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense, the probable testimony of the informant, and (3) the government's interest in nondisclosure, *See, e.g. United States v. Kerris*, 748 F.2d 610 (11th Cir. 1984).

The trial court may require disclosure, however, where the defendant shows the disclosure of an informant's identity or the contents of his communication is "relevant and helpful to the defense of the accused, or is essential to fair determination of the cause." *Id.* at 60-61.  *United States v. Brito*, 721 F.2d 721 (11th Cir. 1983); *United States v. Panton*, 846 F.2d 1335 (11th Cir. 1988); United *States v. Amador-Gavan*, 9 F.3d 1414 (9th Cir. 1993).

Here, Mc Cown has clearly carried their burden of demonstrating the need for the disclosure of and production of this witness.  His need is not only relevant and helpful but is also essential to his defense.  *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990); *United States v. McDonald*, 935

F.2d 1212 (11th Cir. 1991); *United States v. Rutherford, 175 F.3rd 699 (*11th

Cir. 1999).

Respectfully, defendant Mc Cown asks that the government be

compelled to identify and produce for trial this fact witness.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will
provided to all interested parties through the Court's ECF/CM system.

Respectfully submitted,

\_\_\_\_\_/S/_____

**Hugo A. Rodriguez, Esq.**
***Attorney for Defendant Mc Cown***
1210 Washington Ave.
Suite 245
Miami, Florida 33139
Telephone: (305) 373.1200
Fax: (305) 532.5560
E-mail:Hugolaw@aol.com

# United States District Court

| **Southern** | **DISTRICT OF** | **Florida** |
|---|---|---|

United States

**V.**

DAVAUS MC COWN

TO:  FACT WITNESS/ COOPERATING WITNESS
C/O AUSA MICHAEL O'LEARY
MIAMI, FLORIDA

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:

10-20628-CR-DLG

(U.S. v. Bowers, 575 F2d 499, 505 (11th Cir. 1978)

[X]    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| 400 N. MIAMI AVE, ROOM 13-4,<br>Federal Court House,<br>Miami, Florida 33128 | JUDGE DONALD GRAHAM, 13-4 |
| | DATE AND TIME |
| | 9:00 AM; OCTOBER 18, 2010 |

[ ]    YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE / CLERK OF COURT | DATE |
|---|---|
| (BY) DEPUTY CLERK | OCTOBER 13, 2010 |
| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER  HUGO A. RODRIGUEZ, ESQ.<br>ATTORNEY AT LAW<br>1210 WASHINGTON AVE.<br>SUITE 245<br>MIAMI BEACH, FL 33139 | "A" |